

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,518-01

### EX PARTE TIMOTHY GREEN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W15-75395-W(A) IN THE 363RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Green v. State*, No. 05-16-00765-CR (Tex. App.—Dallas May 23, 2017)(not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance by failing to move to suppress the confession, failing to investigate the facts of the case, failing to obtain Applicant's medical records to show that he had a mental breakdown just prior to this incident, and failing to interview witness Demond Lee Clark. He also contends that the State

withheld favorable evidence from the defense, specifically that Clark would have testified that Applicant was not involved in his kidnapping (according to Applicant an extraneous offense brought up during sentencing) and that he was never afraid of Applicant.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings regarding whether witness Clark informed the State that Applicant was not involved in his kidnapping and if so, whether the State informed the defense of that statement. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: February 27, 2019
Do not publish